Settle order on notice.

---

PEOPLE ex rel. STEELE v. McGUIRE et al.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. MUNICIPAL CORPORATIONS (§ 133*)—OFFICERS—CIVIL SERVICE RULES.

A municipal civil service rule, providing that the subjects of rating and the relative weights thereof in any competitive promotion examination shall be for comparative conduct, seniority, and efficiency in previous service, determined from the transcript of the efficiency record, and providing for monthly entries on the efficiency record made by the administrative officer, most closely in touch with the employé to be rated to be furnished to the Municipal Civil Service Commission, etc., requires a prepared record made from month to month at the time when the person is not an active candidate for promotion, and the officers of a department, in the presence of an approaching examination, may not give their own estimates of the various candidates, but must approximate, as nearly as possible, the record provided for.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 133.*]

2. MANDAMUS (§ 12*)—PERFORMANCE OF LEGAL DUTY.

Mandamus is proper only in the presence of an absolute legal duty, and a relator failing to show that there is any legal duty on the part of the Municipal Service Commission to accept a certificate from the department in which he was employed is not entitled to relief.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 12.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Francis J. Steele, against John C. McGuire and others, comprising the Municipal Civil Service Commission of the City of New York, to compel respondents to accept a certificate produced by relator. From an order denying a motion for a writ of mandamus, relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Alfred J. Talley, for appellant.
James D. Bell, for respondents.

WOODWARD, J. The relator sets forth that he was appointed to the position of marine engineer in the department of docks and ferries of the city of New York, under the provisions of the civil service law and rules; that he subsequently, and on the 5th day of October, 1909, entered a promotion examination held by the Municipal Civil Service Commission for promotion from the position of chief engineer to the position of supervising marine engineer; that several other persons likewise entered said examination; and that in accordance with rule 15 of the Municipal Civil Service Rules, as prescribed and established

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

December 4, 1903, these several persons were given the summaries as to their records in the said department as appears opposite their respective names, setting out:

"Clifford S. Hawkins—Excellent in all. Richard N. Pickering—Good in all. John R. Safford—Very good in all. Jonathan A. Wilson—Good in all. John A. Howard—Very good in all. Francis J. Steele—Fidelity, excellent; efficiency, very good; punctuality, very good, excellent; habits as to use of liquor, excellent; general fitness, very good; character, very good."

He then alleges that the Municipal Civil Service Commission directed their examiners to disregard said summary records of relator and to give all said candidates the same rating on record as those who had been designated as very good, and that in accordance with said directions, wrongfully and unlawfully given, all of said candidates were given the same rating for record, to wit, 71.40 per cent.; that the relator, upon the eligible list, appeared sixth; that the unlawful action of said commissioners and examiners in refusing to credit him with the record or summary thereof given him by the department of docks and ferries prevented him from obtaining a higher place on said list and a higher rating in said examination, and has prevented him from obtaining the promotion, which promotion carried with it an increase of $700 per annum; that this action on the part of the Municipal Civil Service Commission was in violation of the law and the rules then in force, especially rule 5, par. 6, which rule is quoted as providing that:

"The subjects of rating and the relative weights thereof in any competitive promotion examination shall be as follows: For comparative conduct, seniority and efficiency in previous service, as may be determined from the transcript of the efficiency record (or as may be otherwise determined under paragraph 8 of this rule), between the date of the original appointment of the candidate and the final date for the receiving of applications for any stated examination, 50; and for written papers on pertinent subjects, 50."

Paragraph 8 provides for the entries upon an efficiency record, which is to be made by the administrative officer most closely in touch with the work of the officer or employè to be rated, who shall be designated for such purpose by the appointing officer.

"Such entries shall be made monthly, and the following terms shall be employed to indicate the degree of efficiency: (a) Far above average; (b) above average; (c) average; (d) below the average; (e) far below the average. A transcript or summary of such record and all rewards or measures of discipline shall be furnished to the commission annually and shall contain the certification of the appointing officer that such entries were made monthly; and whenever the commission so requires, like certification of the full record of each candidate shall be furnished by the appointing officer in advance of a particular examination. For periods of service prior to the establishment, or in the absence of any such record, such rating shall be based upon such certificates, covering the several elements of service herein specified, in such forms as the commission may require."

It is conceded by the relator that in the department of docks and ferries no such records as are here referred to were kept; but it is urged that under the provisions of the eighth paragraph of rule 15 a certificate was made which designated the record of the relator and one Hawkins as "excellent," while all the others were designated as "very good," and the contention here is that the Municipal Civil Service Commission was bound to give to the relator a higher standing under such

certificate, and the inference is sought to be drawn that if this had been done the relator would have secured a position higher than the one he is now holding. The return shows that the relator, in common with other applicants for promotion, was given a standing of "very good" by the commissioners, and that this was done after the Municipal Civil Service Commission had called attention to the fact that the certificate did not comply with the letter or the spirit of the rule in question. That rule, as we read it, requires a carefully prepared record, made from month to month, of the services which have been rendered; it contemplates a record made at a time when the person is not an active candidate for an advance, and is to deal with "comparative conduct, seniority and efficiency in previous service." The exception under paragraph 8 of the rule does not contemplate that the officers of a department, in the presence of an approaching examination, shall give their own estimates of the various candidates, but they are to approximate, as nearly as may be, the record which is provided for in the rule. That is, for "periods of service prior to the establishment" of the records contemplated by the rule, "or in the absence of any such record, such rating shall be based upon such certificates, covering the several elements of service herein specified, in such forms as the commission may require," and the "several elements" are those of "comparative conduct, seniority and efficiency in previous service, as may be determined from the transcript of the efficiency record." For instance, under the certificate afforded by the department of docks and ferries, and which the relator urges should control, there is no pretense that the same is based upon any matter of seniority; for all that appears the relator may have served only a small portion of the time that the others may have served; the observation of the head of the department may have extended only over a very short period of time in his case, or in that of any of the others, while the spirit and the letter of the rule contemplates that the record shall include all of the time "between the date of the original appointment of the candidate and the final date for the receiving of applications for any stated examinations."

It is easy to see how the head of a department might, in absolute good faith, certify the relator as "fidelity, excellent; efficiency, very good," etc., and some other person as "very good in all," and yet not be in a position to speak from knowledge of anything beyond the period of his own observations, which might be only a few weeks or a few months. The man who is rated "very good" may have served 10 years longer than the one who is rated "excellent," and the spirit of the rule intends that the man's record for the full time of his employment shall be placed in comparison with the record of the other candidates during their entire employment, and that seniority shall play a part. Excellent service for a few months ought not to, and was not intended to, overcome "very good" services extending over a period of years; it is the average tendencies of the man which are to be brought into consideration under the spirit of the civil service law, and there is absolutely nothing in the relator's case which indicates that the certificate which he claims should control took into consideration any part of this element. It may be true that, in so far as the person making the cer-

tificate is concerned, the services rendered by the relator have been "excellent" as compared with some others who are rated "good," or "very good," and yet, the length of service being brought into the calculation, the man who is rated "good" may have by far the higher claims upon the preferment. One who has been good in all things relating to the service for a long period of years, who has been faithful and reliable through all the varied experiences, may be far better entitled to promotion than one who has been on good behavior for a few months and has convinced his superior officer that in fidelity he is "excellent," etc.

A mandamus is proper only in the presence of an absolute legal duty, and, the relator having failed to show that there was any legal duty on the part of the Municipal Civil Service Commission to accept the certificate produced by the relator, there is no ground for the relief demanded.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.