THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN E.
KENNEDY, Respondent, *v.* CHARLES L. FELDMAN and Others,
Constituting the MUNICIPAL CIVIL SERVICE COMMISSION
OF THE CITY OF BUFFALO, Appellants.

THE PEOPLE OF .THE STATE OF NEW YORK ex rel. THOMAS
J. RIORDAN, Respondent, *v.* CHARLES L. FELDMAN and
Others, Constituting the MUNICIPAL CIVIL SERVICE COM-
MISSION OF THE CITY OF BUFFALO, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN W.
CONROY, Respondent, *v.* CHARLES L. FELDMAN and Others,
Constituting the MUNICIPAL CIVIL SERVICE COMMISSION
OF THE CITY OF BUFFALO, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL
H. COGAN, Respondent, *v.* CHARLES L. FELDMAN and
Others, Constituting the MUNICIPAL CIVIL SERVICE COM-
MISSION OF THE CITY OF BUFFALO, Appellants.

Fourth Department, July 3, 1917.

**Municipal corporations — rules of municipal civil service com-
mission, city of Buffalo — eligibility for examination for pro-
motion in police department.**

The municipal civil service commissioners of the city of Buffalo had power
to adopt a rule that as a condition of eligibility to enter a promotional
examination in the police department, the person desiring promotion
must have been continuously employed for the specified period of twelve
months immediately preceding such examination in a next lower position,
the duties of which are such as would naturally and properly tend to
fit him for the duties of the position to which he seeks promotion.

Such rule is not contrary to a rule adopted by the common council pro-
viding that vacancies in the positions of captains and lieutenants shall
be filled by appointment of a member of the force, for such rule does
not mean that all members of the force are entitled to take the exami-
nation but only such as are permitted to do so under reasonable rules
promulgated by the civil service commission.

Moreover, the civil service commission is not required to adopt the classi-
fication made by the common council, although the government and
discipline of the police department is to be prescribed by said council.

The application of a detective sergeant to enter the examination for the
position of captain, without having been a lieutenant should be denied.

But a patrolman who has been detailed as a desk sergeant and who has

not been doing patrol duty immediately preceding the examination, should not be deprived of his right to take the examination for the promotion to which he would have been entitled if he were doing patrol work, and a rule excluding desk sergeants is invalid.

Appeal by the defendants in each case, Charles L. Feldman and others, constituting the municipal civil service commission of the city of Buffalo, from orders of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 16th and 17th days of May, 1917, granting the motions of the respective relators for peremptory writs of mandamus requiring the appellants immediately to accept the applications of said relators for civil service examinations for promotion to the offices of captain and lieutenant in the police force of said city.

*Charles L. Feldman, Cyrus L. Barber* and *William F. Wierling,* constituting the Municipal Civil Service Commission of the City of Buffalo, appellants in person.

*Riordan & Batt* [*Paul J. Batt* of counsel], for the respondents Kennedy and Riordan.

*Heard & Nichols* [*Clifford Nichols* of counsel], for the respondents Conroy and Cogan.

Kruse, P. J.:

I think the commission was authorized to adopt the provision contained in subdivision 4 of rule 29 of the Buffalo municipal civil service rules, adopted in February, 1917, which requires as a condition of eligibility to enter a promotional examination, that the person desiring promotion must have been continuously employed for a specified period (in the police department twelve months) immediately preceding such examination, in a next lower position, the duties of which are such as would naturally and properly tend to fit him for the duties of the position to which he seeks promotion. (*Matter of Ricketts,* 111 App. Div. 669.)

I do not think that this is contrary to the spirit of rule 30 of the Buffalo police department, adopted by the council, which provides that vacancies in the positions of captains and lieutenants shall be filled by appointment of a member

of the force. This does not mean that all members of the force are entitled to take the examination, but only such as are permitted under the reasonable rules promulgated by the civil service commission. Experience and seniority in service are elements to be considered upon the question of fitness to promotion. The Civil Service Law (Consol. Laws, chap. 7 [Laws of 1909, chap. 15], § 16) so declared.

Neither do I think that the commission is required to adopt the classification of the council. It is true that government and discipline in the department is to be prescribed by the council. (Laws of 1914, chap. 217, § 250.) But that does not prevent the commission from making rules for the classification of the offices, and for appointments and promotions therein and examinations therefor. Express authority is given the commission to do so. (Civil Service Law, § 11, as amd. by Laws of 1916, chap. 357.)

I think the application of the detective sergeants to enter the examination for captain, without having been a lieutenant, should have been denied.

As to the desk sergeants, I am of the opinion that the grading of the commission made under rule 29 excluding desk sergeants should not stand. Merely because a patrolman is detailed as a desk sergeant and not doing patrol duties immediately preceding the examination, should not deprive him of the right to take the examination for promotion which he would be entitled to take if he were doing patrol work.

It can hardly be assumed that only inefficient patrolmen are appointed desk sergeants. The presumption is quite to the contrary if the patrolman has attained to the rank of the first grade. While it is true that a good clerk may not make a good patrolman, it does not follow that a good patrolman may not also make a good clerk, and if the good of the service require that he be detailed as a desk sergeant, that should not bar him from promotion to the position of lieutenant to which he would have been eligible if he had remained on patrol duty. If that were so a detail at any time within the year immediately preceding the promotional examination would bar a patrolman from such promotion, however efficient his services as a patrolman may have been, and well fitted he may be for the position of lieutenant.

I am, therefore, of the opinion that the order granting the writ as to the desk sergeants should be affirmed, with costs, but that the order denying the writ as to the detective sergeants should be reversed and the writ dismissed.

All concurred.

In the first and second cases orders reversed and writs dismissed, with costs. In the third and fourth cases orders affirmed, with costs.