## The People of the State of Illinois ex rel. John J. Brennan, Appellee, v. Edward B. Ellicott et al., Appellants.

## Gen. No. 31,084.

1. OFFICERS AND PUBLIC EMPLOYEES—*when mandamus petition to require compliance with Civil Service Law shows existence of position.* A petition for mandamus is sufficient against the objection that it fails to show the existence of the place of employment of stationary firemen which it seeks to have filled under civil service rules, because it alleges that the engineer-custodians of the public schools of Chicago hire stationary firemen out of their salaries, the board of education having delegated to them authority to employ firemen and to pay them out of moneys appropriated to them for salaries.

2. OFFICERS AND PUBLIC EMPLOYEES—*how "positions" may be created subject to Civil Service Law.* Positions of stationary firemen which in mandamus proceedings the court may order filled for the public schools of Chicago under civil service rules need not in the absence of charter or statutory provision depend upon formal by-law, resolution or ordinance, but may spring from contract, express or implied.

3. OFFICERS AND PUBLIC EMPLOYEES—*when recognition of civil service status does not require creation of positions.* Recognition of the civil service status of firemen employed by engineer-custodians of the public schools out of money appropriated to them for salaries, under authority delegated by the board of education, does not require the board to create positions in contravention of Cahill's St. ch. 122, ¶ 153, which authorizes the board to appoint such employees as may be necessary, as the positions are already in existence.

4. INJUNCTION—*when not proper remedy to compel compliance with Civil Service Law.* An injunction against illegal expenditure of public money is not the proper remedy to compel the board of education to place stationary firemen hired for Chicago public schools by the engineer-custodians thereof under civil service.

5. OFFICERS AND PUBLIC EMPLOYEES—*what does not excuse violation of Civil Service Law.* Recognition of the civil service status of employees of the board of education may not be resisted on the ground that it would disarrange the public service of the schools, as even if it did it would not excuse a violation of the requirements of the Civil Service Law.

Appeal by defendants from the Superior Court of Cook county; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Affirmed. Opinion filed March 2, 1927. Rehearing denied March 15, 1927.

FRANK S. RIGHEIMER and FRANCIS X. BUSCH, for appellants; ELMER M. LEESMAN, RALPH W. CONDEE, JOHN A. COOKE, FRANK F. TRUNK and FRANCIS J. VURPILLAT, of counsel.

FRANKLIN RABER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The People of the State of Illinois on relation of John J. Brennan, who alleged that he was a taxpayer and a citizen of the city of Chicago, filed a petition against the members of the board of education and the civil service commissioners of the city of Chicago, praying that a writ of mandamus issue, directed to the defendants, commanding that the board of education ascertain the number of positions or places of employment of stationary firemen in the public schools in the city of Chicago; that they make a report thereof to the civil service commission, and that the civil service commission prepare, after the regular procedure, a list of persons eligible for such position or place of employment. General and special demurrers were filed. They were overruled and the defendants having elected to stand by the demurrers, an order was entered awarding the writ as prayed for.

The defendants contend that the petition is insufficient in that it fails to show that there was in existence

such a position or place of employment as stationary fireman in the public schools. It is obvious that if the petition fails to show that there was such a position or place of employment, it would be insufficient. But we are of the opinion that the contention of the defendants is untenable. The allegations of the petition, so far as it is necessary to state them, are: That the city council of the city of Chicago appropriated more than $50,500,000 for school purposes for the year of 1925, and that of this sum $4,567,796 was for the operation of the various school buildings and school plants; that out of this latter sum, there are appropriated large sums of money for the payment of salaries of "engineer-custodians." The petition then sets up that there is appropriated out of these moneys to pay the salary of the engineer-custodian of the Austin High School $21,653; then follows twelve other designated schools where the appropriation for the engineer-custodian runs as high as $50,000 per year, and it is averred that the engineer-custodian uses a part of this money to pay the salaries of firemen employed in the several school buildings; that the board of education has delegated to the engineer-custodian the power to appoint stationary firemen and to pay them out of the money appropriated to the engineer-custodian and that this is being done.

From these allegations it appears that large sums of money are appropriated and set apart for payment to the engineer-custodians and that they use part of this money to pay firemen whom they employ to take care of the heating of the several school buildings. We think this is sufficient to show that there is such a position or place of employment as that of stationary fireman. Such place of employment, in the absence of statutory or charter provisions, need not necessarily be by formal ordinance, by-law or resolution, but it

may be by contract, expressed or implied. *People ex rel. Jacobs v. Coffin,* 282 Ill. 599; *O'Brien v. Frazier,* 228 Ill. App. 118. But counsel for the defendants contend that if the writ is awarded in the instant case, its effect will be to require the board of education to create positions or places of employment and that this is in contravention of paragraph 153 of ch. 122 of Cahill's St., which provides that the board of education may appoint such employees as the board may deem necessary. We think this contention is unsound. The facts as above stated clearly show that the places of employment are now in existence by virtue of the fact that firemen are now employed and being paid for heating the various school buildings, and by virtue of paragraph 153, *supra,* such employees are placed under the Civil Service Act. That section provides that a superintendent of schools, a business manager and an attorney, and the attorney's assistants and the teachers are exempt from the Civil Service Law. All others are subject to the provisions of that act. We think the writ was properly awarded.

The defendants further contend that the petitioner's remedy, if any, is in chancery by way of a bill for an injunction to prevent the illegal expenditure of the money. With this contention we are unable to agree, because under the law the firemen should be appointed in accordance with the Civil Service Law. Nor do we think there is merit in the further contention made that the awarding of the writ would disarrange the service of the schools. The stationary firemen who are now employed by the schools, as the record discloses, are subject to the provisions of the Civil Service Act, and they should be appointed according to that act. We are unable to see how the awarding of the writ would disarrange the operation of the several school buildings and even if there were any disarrangement, this would be no excuse, because the law must be fol-

lowed until it is changed by the law-making body.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.