In the Matter of HENRY HUDSON PARKWAY AUTHORITY, Petitioner, for a Final Order under Article 78 of the Civil Practice Act against PAUL KERN, President, FERDINAND Q. MORTON and Another, Commissioners, Constituting the Municipal Civil Service Commission for the City of New York, and Another, Respondents.

TOM DI CANDIA, as President of the Prison Keeper Eligibles Association, and MORRIS A. SCHNEIDER, as President of the Court Attendant Eligibles Association of the Inferior Courts, Intervenors, Respondents.

In the Matter of TRIBOROUGH BRIDGE AUTHORITY, Petitioner, for a Final Order under Article 78 of the Civil Practice Act, against PAUL KERN, President, FERDINAND Q. MORTON and Another, Commissioners, Constituting the Municipal Civil Service Commission for the City of New York, and Another, Respondents.

TOM DI CANDIA, as President of the Prison Keeper Eligibles Association, and MORRIS A. SCHNEIDER, as President of the Court Attendant Eligibles Association of the Inferior Courts, Intervenors, Respondents.

Supreme Court, Special Term, New York County, May 4, 1938.

*Spence, Windels, Walser & Hotchkiss* [*Paul Windels* and *Paul Van Anda* of counsel], for the petitioners.

*Milton B. Rosenblume* and *Morris A. Schneider,* for Morris A. Schneider, intervenor, respondent.

*Edgar S. Rosenblatt,* for Tom Di Candia, etc., intervenor, respondent.

*Paul J. Kern* [*Sidney Stern* and *Arthur G. Silverman* of counsel], for the Municipal Civil Service Commission, respondent.

FRANKENTHALER, J. This is an application by the Henry Hudson Parkway Authority for an order directing the municipal civil service commission to cease certifying for the position of toll collector from lists other than the patrolman's list. Section 14 of the Civil Service Law provides that " appointments shall be made from the eligible list most nearly appropriate for the group in which the position to be filled is classified." The commission has been certifying for appointment as toll collector from three separate lists, viz., the lists of court attendant, prison keeper and patrolman, on the theory that each list is equally appropriate and that there is no single " *most* nearly appropriate " list. (Italics the court's.)

Although the selection of the most nearly appropriate list is a matter for the municipal civil service commission to determine in its own sound judgment and discretion, the admissions contained in the commission's answer establish clearly that the lists for prison keeper and court attendant are not as appropriate as the patrolman's list. The commission admits that not every individual on the court attendant's list and the prison keeper's list is entitled

to certification on the same basis as every person occupying a place on the patrolman's list. Before certifying from the other two lists the persons on said lists are required to pass *additional* physical and medical tests equal in all respects to those required for patrolman, and those who do not pass these additional medical and physical tests are not certified. In other words, the prison keeper's and court attendant's lists are not as appropriate as the patrolman's list. *It is only the new and further lists* composed of those who pass the physical and medical tests given to the persons on the prison keeper's and court attendant's lists which the commission deems to be as appropriate as the patrolman's list for the . purpose of certifications for the position of toll collector.

The requirement of section 14 of the Civil Service Law that appointments be made from the eligible list most nearly appropriate is satisfied or met only if appointments are made from the most nearly appropriate list *then existing.* In fact, the section expressly provides that " a new list shall be created for a stated position or group of positions only when there is no appropriate list existing from which appointment may be made." If further examinations and tests must be given, leading to reduced lists of those who pass such examinations and tests, it is only the resulting lists which may be deemed equally appropriate with the patrolman's list which the commission deems appropriate without the necessity of further examinations and tests. Said resulting lists are in reality new lists. If prior to the creation of such new lists a list exists, viz., the patrolman's list, from which certification may be made without further examinations or tests, it is clear that said list is the most nearly appropriate, and that certification must, therefore, be made from such list in order to comply with section 14 of the Civil Service Law.

It follows that the commission itself, by the admissions contained in its answer, has conceded that the most nearly appropriate list from which certification may be made for the position of toll collector is the patrolman's list. The motion is accordingly granted, except that the certification of Tucker from the " Preferred List, Ticket Agent, Grade 3," is not to be interfered with, in view of the fact that it appears that said appointment was required by the mandatory provisions of section 31 of the Civil Service Law. Settle order.