In the Matter of the Application of Francis A. Lennon, Appellant, for Himself and in Behalf of the Other Persons Whose Names Appear in Exhibit "A" of the Petition Herein, for an Order Pursuant to Article 78 of the Civil Practice Act, against John H. Delaney, Chairman, and Others, Constituting the Board of Transportation of the City of New York, and Others, Respondents.

First Department, March 13, 1942.

*Abraham Bernard King*, for the appellant.

*E. Tinsley Ray* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents.

COHN, J. When this proceeding was instituted petitioner and the other persons named in the petition (referred to herein as "petitioners") were provisional employees of the board of transportation of the city of New York serving as street car operators on the surface lines of the city's transit system. They sought to retain their positions by preventing the appointment of eligibles from the civil service list of automobile engineman on the ground that such list is not appropriate for appointment to the position of street car operator. The application was denied for the reason that provisional appointees have no standing to contest the appropriateness of an eligible list.

The fact that petitioners were merely provisional employees does not in and of itself bar them from challenging the appropriateness of an eligible list from which men were selected to replace them. If the list of automobile engineman were unsuitable for the position of street car operator, and no other appropriate list were available, petitioners would then be permitted to compete in an open competitive examination which would necessarily be required. Moreover, as citizens and residents of the State they have the right to present to the courts a petition for the enforcement of mandatory duties imposed by law upon public officials and the courts have the power to compel the discharge of such duties. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271, 281; *Matter of Friedman* v. *Finegan*, 268 id. 93, 97; *Matter of Kornbluth* v. *Rice*, 250 App. Div. 654; affd., 275 N. Y. 597; *Matter of Baird* v. *Supervisors, etc.*, 138 id. 95, 115; *Matter of Poss* v. *Kern*, 263 App. Div. 320.) Though as provisionals, petitioners have no legal claim to be retained in their present temporary positions, they may nevertheless contest the propriety of the use of an eligible list to fill vacancies for positions temporarily occupied by them.

However, we are of the view that the Special Term properly denied the application of petitioners for an order to restrain defendants from appointing any of the automobile engineman eligibles to the position of street car operator. The determination of the municipal civil service commission as to the appropriateness of the list for automobile engineman for appointments to the position of street car operator was neither capricious nor arbitrary. Subdivision 1 of section VII of rule V of the rules of the municipal civil service commission provides that when request is made for the certification of eligibles for a vacant position, if there be no eligible list, certification shall be made from the list most appropriate. This rule is in conformity with the statutory mandate contained in section 14 of the Civil Service Law, which reads, in part, as follows: "Appointment shall be made from the eligible list most

nearly appropriate for the group in which the position to be filled is classified, and a new list shall be created for a stated position or group of positions only when there is no appropriate list existing from which appointment may be made."

Here, there was already in existence the automobile engineman list which contained the names of almost 3,000 persons. It had been promulgated as the result of an open competitive examination held during July, 1939, at which over 23,000 competed. If this list was appropriate for the position of street car operator, the municipal civil service commission was under a duty imposed by statute to make use of it. The commission's determination that the automobile engineman list was suitable for street car operators was based upon the fact that any man who had passed the competitive examination for automobile engineman had all the qualifications and experience necessary for operating a surface car.

A street car operator is required to run trolley cars and ultimately, motor buses, on the streets of New York. The duties of automobile engineman and those of street car operator have many features in common. Each requires a knowledge of transit routes, each involves manual skill and mechanical aptitude and each calls for the operation of vehicles in the city streets subject to established traffic rules and regulations. Respondents also call attention to the fact that the position of street car operator is less exacting than that of automobile engineman because on street cars there are no gear-shifts nor is there any steering apparatus, the street cars being operated by the simple manipulation of a speed-controller and an air brake pedal. The duties attaching to the position of automobile engineman, according to the text of the advertisement for that examination, are as follows: " To operate, make minor repairs and adjustments on and to clean, oil and maintain in good moving condition motor vehicles; to assist in loading and unloading; perform related work as required." The written examination was thorough and comprehensive; it included questions testing the intelligence and general information of the candidates, their acquaintance with the mechanism and operation of passenger vehicles, their knowledge of the city's geography and of the city's traffic rules and regulations. Candidates for automobile engineman were required not only to possess a chauffeur's license, but they were compelled to pass a standard accident proneness test whereby their reactions to rapidly changing traffic lights and signals were mechanically recorded. The purpose of the test was to ascertain whether they possessed alertness and co-ordination of mind and body requisite for safe operation of vehicles in the city streets. From the foregoing, it is quite apparent that the qualifications

and the duties of the two positions, are similar and closely related and that the list for automobile engineman is the one most nearly appropriate for appointments as street car operator.

According to an affidavit submitted by the assistant general superintendent for the BMT Division of the board of transportation of the city of New York, in charge of the operation of buses and street cars, " There have already been appointed as street car operators 565 Automobile Engineman eligibles and with a few exceptions (expected out of any large group of appointees) they have performed their assigned duties in a competent, efficient, safe and highly satisfactory manner. The public is being well served."

That the board of transportation required eligibles from the automobile engineman list to complete a twenty-hour training course similar to that formerly given by the Brooklyn and Queens Transit Corporation in its hiring of new street car operators, did not nullify the act of respondents in availing themselves of these eligibles. Precautions thus adopted were designed to procure the best available eligibles for the position with a due regard to the safety and convenience of the public using these transit facilities.

The case of *Matter of Krapp* v. *Kern* (255 App. Div. 305; affd., 281 N. Y. 617), upon which appellants rely, is readily distinguishable. There this court held that the municipal civil service commission abused its discretion in declaring that the " Attendant, Grade 2 " list was an appropriate one for the position of " laundry bath attendant." However, a comparison of the qualifications required for the position of laundry bath attendant and those required for attendants shows that they were strikingly dissimilar and that those on the list for attendant had in no way been tested as to their ability to perform the duties of the position of laundry bath attendant. An attendant was only required to supervise rooms and places set aside for the use of females. On the other hand, a large part of the duty of the laundry bath attendant consisted in the operation of laundry machines using live steam, and for that position at least one year's full time experience in a steam laundry and familiarity with the running of laundry machinery were required. In the case before us we find no such divergence in the duties or requirements for the two positions.

In the circumstances, the determination of the commission in declaring the automobile engineman list appropriate for filling street car operator positions was made in good faith, and was a reasonable and proper exercise of its discretion.

The law seems well settled that in the absence of a clear showing of an abuse of discretion, the courts ordinarily will not interfere with the determination of the municipal civil service commission

as to the appropriateness of an eligible list for a given position. (*Matter of Ward* v. *Kern*, 259 App. Div. 717; affd., 284 N. Y. 698; *Matter of Forman* v. *Kern*, 257 App. Div. 946; affd., 282 N. Y. 583; *Matter of Henry Hudson Parkway Authority* v. *Kern*, 167 Misc. 699; affd., 255 App. Div. 770.)

Having decided that the list for automobile engineman was most appropriate for certification of the eligibles thereon to the position of street car operator, it was incumbent upon the commission to avail itself of that list in filling the positions occupied by the petitioners. (Civil Service Law, § 14.)

The order should accordingly be affirmed, with twenty dollars costs and disbursements.

O'MALLEY and TOWNLEY, JJ., concur; MARTIN, P. J., and CALLAHAN, J., dissent.

CALLAHAN, J. (dissenting). While I concur in the holding that the petitioners had the right to seek the relief prayed for, I disagree with the conclusion upholding the determination of the civil service commission that the list promulgated for automobile engineman is an appropriate list from which to fill the positions of street car operators. What has occurred here was condemned by this court in *Matter of Krapp* v. *Kern* (255 App. Div. 305; affd., 281 N. Y. 617). There we pointed out that section 14 of the Civil Service Law did not warrant the use of an eligible list as appropriate if the persons on such list had not been examined as to their ability to perform the duties of the position to be filled. There, as here, those on the list held appropriate were subjected to an additional test or course of training to see if they could assimilate the new duties involved in the positions to be filled. We held this practice to be violative of the constitutional and statutory requirements for open, competitive examinations.

The defendants admit that, in order to ascertain whether persons on the list for automobile engineman (chauffeur) can operate trolley cars, it is necessary to give them twenty hours' training, and even then, in some instances, candidates fail to qualify. (The petitioners place the period of training at eighteen days or more.)

Because one can operate, or is familiar with, the mechanism of an automobile, it does not follow that he can operate, or is familiar with, the mechanism of a street car. By the same reasoning, an examination for chauffeur would not be a test for fitness as a street car operator. The vehicles to be operated are substantially different mechanically, and the duties of the two positions have but little similarity. If the list for automobile engineman is to be used for filling positions of street car operators, it may be used for the appointment of subway motormen.

Assuming that the motives of the civil service commission are of the best, in that they desire to avoid the expense of an additional competitive examination and to anticipate a possible discarding of street cars in favor of buses, the existence of such motives would not justify a disregard of the requirement that competitive examinations be open, except in the case of promotions, and must be appropriate tests of merit and fitness. To attempt to qualify those on a list for positions substantially different from those for which they were examined is, in effect, to hold a qualifying examination limited to persons on an eligible list. It is neither an open examination nor a competitive test of merit and fitness.

As the holding of a competitive examination for street car operators is clearly feasible, the petitioners are not entitled to all of the relief which they seek, but are entitled to an order directing the defendants to desist from appointing automobile engineman eligibles to the positions of street car operators.

The order should be reversed, and the motion granted to the extent indicated.

MARTIN, P. J., concurs.

Order affirmed, with twenty dollars costs and disbursements.