In the Matter of STANLEY J. KONIECZNY, Petitioner, against DANIEL W. STREETER et al., as Commissioners of the Municipal Civil Service Commission of the City of Buffalo, Respondents.

Supreme Court, Erie County, September 8, 1943.

*Michael Catalano* for petitioner.

*Andrew P. Ronan, Corporation Counsel (Bart J. Shanahan* of counsel), for respondents.

HINKLEY, J. This is a proceeding under article 78 of the Civil Practice Act to review the respondents' determination and to compel them to place petitioner's name on the Civil Service list according to an increased rating as claimed by petitioner. Petitioner, after taking a competitive examination for the position of police lieutenant, was declared ineligible by reason of his rating on answers to certain written questions. His sole complaint is that the standard set up by the respondents was improper and incorrect and that the failure of respondents, upon appeal, to credit him with certain answers which he claims to have been answered correctly, or which could be answered either way, was arbitrary, capricious and unreasonable.

The respondents had set up a standard in accordance with judicial authority. (*Matter of Fink* v. *Finegan*, 270 N. Y. 356; *Matter of Sloat* v. *Board of Examiners*, 274 N. Y. 367, 374; *People ex rel. Sweet* v. *Lyman*, 157 N. Y. 368.) That standard very properly left nothing to the discretion or discrimination of the examiners and all contestants were treated alike. The extreme difficulty of setting up a standard such as is judicially required is most obvious in this instance. Clearly the court is without power to fabricate a new standard. Likewise, in the absence of a finding that the action of the respondents was arbitrary, capricious or unreasonable, the court cannot pass upon the correctness of the categorical answers as determined by the respondents. Constructive suggestion and criticism, however, is indicated. The primary objective of a civil service examination is to determine fitness for office. This is often lost sight of in the preparation of questions commonly denominated as tricky. While difficult, it is not impossible to propound questions, the answers to which would be definite and unequivocal. Apparently some of the questions to which petitioner objects could very properly be answered either in the affirmative or in the negative; the correctness of other answers might

very well be the subject of serious debate. One of the questions as to the mutability of human nature lends itself to a journey into the realm of metaphysics, which is hardly a necessary quality in the education of a prospective police lieutenant nor one ordinarily required in the performance of his duties. Such an examination is not so likely to produce the officer best qualified, but the one blessed by chance in the greater coincidence of his answers with the mental concept of the examiner.

The court does not believe that, however ineptly the questions were framed, or however incorrect the answers of the examiner may be, the conduct of the respondents was arbitrary, capricious or unreasonable as such conduct is defined by judicial precedent. The contrary view was the major premise upon which were founded the decisions of this court in *Matter of Quinn* v. *Streeter* (174 Misc. 1073; 175 Misc. 932).

In the absence of a finding that the conduct of the respondents was arbitrary, capricious or unreasonable, the court would not be justified in requiring the respondents to increase the rating of the petitioner or alter his relative eligibility for the position sought, as the respondents were performing a purely executive, administrative and ministerial duty. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Caridi* v. *Creelman,* 150 App. Div. 746.)

Constantly increasing is the tendency of the courts to require those who suffer through the inefficiency or lack of judgment of administrative, executive, and ministerial officers to seek their remedy by the ballot. (*Matter of Miller* v. *Kling,* 291 N. Y. 65.)

Motion denied.