# STATE EX REL. ALBERT J. KOS v. JOE J. ADAMSON AND OTHERS.[1]

April 30, 1948.

No. 34,678.

*Desmond B. Hunt* and *James T. Spillane,* for appellants.
*Richard Manahan,* for respondent.

PETERSON, JUSTICE.

On certiorari, the district court reversed and in effect annulled the certification by the police civil service commission of Rochester of Harold M. Fitzpatrick for appointment as chief of police.

[1]Reported in 32 N. W. (2d) 281.

Only one question is presented for decision, viz., whether the certification of a candidate for appointment to the office of chief of police by a police civil service commission under M. S. A. 419.01 to 419.18 is valid where a promotional examination to determine the fitness of candidates was held and the person certified was determined as a result thereof to be fit, but the commission proceeded without complying with statutory requirements such as those requiring the commission to grade and classify all the employes of the police department; to prepare a service register showing the names, ages, compensation, period of past employment, and other facts and data with reference to each employe deemed useful by the commission; to keep a register of applications to take examinations for positions; to keep a register of eligible candidates after successfully passing examination in order of their standing and without reference to the time of examination; to keep records of efficiency, character, conduct, and seniority; to base the promotional examination both upon competitive examination and upon records of efficiency, character, conduct, and seniority; to make the certification from the eligibility register (for the plain reason that there was none); to determine in advance the subjects for examination and the manner of grading the examinations; and to require objective tests of fitness rather than subjective ones of the examiners; and where, in addition, the commission failed to comply with its rules requiring it to adopt standards for grading examinations.

As pointed out in Mestad v. City of Rochester, 198 Minn. 558, 270 N. W. 577, the city of Rochester adopted the provisions of M. S. A. 419.01 to 419.18 for the establishment of police civil service. The statute provides for the creation of a police civil service commission and defines its duties. Section 419.05 in part provides:

"The commission shall have absolute control and supervision over the employment, promotion, discharge, and suspension of all officers and employees of the police department of such city or village and these powers shall extend to and include all members of the police department.

"The commission shall, immediately after its appointment and organization, grade and classify all of the employees of the police department of the city or village and a service register shall be prepared for the purpose, in which shall be entered, in their classes, the names, ages, compensation, period of past employment and such other facts and data with reference to each employee as the commission may deem useful."

It also provides for keeping an application register. Section 419.06 in part provides:

"The commission shall, immediately after its appointment and from time to time thereafter, make, amend, alter, and change rules to promote efficiency in the police department service and to carry out the purposes of this chapter. The rules shall provide among other things for:

"(1) The classification of all offices and employments in the police department;

"(2) Public competitive examinations to test the relative fitness of applicants;

\* \* \* \* \*

"(4) The creation and maintenance of lists of eligible candidates after successful examination in order of their standing in the examination and without reference to the time of examination, which shall be embraced in an eligible register;

\* \* \* \* \*

"(7) The certification of the name standing highest on the appropriate list to fill any vacancy;

\* \* \* \* \*

"(9) Promotion based on competitive examination and upon records of efficiency, character, conduct, and seniority;

\* \* \* \* \*

"(11) Such other rules not inconsistent with the provisions of this chapter as may, from time to time, be found necessary to secure the purposes of this chapter."

Section 419.08 provides:

"The commission shall ascertain the duties of each office, position, and employment in the police protection service of such city or village, and designate by rule as well as may be practicable the grade of each office, employment, or position. The commission shall prescribe standards of fitness and efficiency for each office, position, and employment and for each grade, and adapt its examination thereto."

Section 419.09 provides:

"All examinations shall be impartial, fair, and practical and designed only to test the relative qualifications and fitness of applicants to discharge the duties of the particular employment which they seek to fill. No question in any examination shall relate to the political or religious convictions or affiliations of the applicant. All applicants for positions of trust and responsibility shall be specially examined as to moral character, sobriety, and integrity, and all applicants for position requiring special experience, skill, or faithfulness shall be specially examined in respect to those qualities. It shall be the duty of the chief of the police department and of every employee to act as an examiner or assistant examiner, at the request of the commission, without special compensation therefor. The members of the commission collectively or individually may act as examiners or assistant examiners."

Section 419.10 provides:

"Notice of the time, place, and scope of each examination shall be given by publication and posting as specified in section 419.06, and by mailing such notice to each applicant upon the appropriate list of the application register ten days in advance. The names of those found eligible upon examination, after giving credit for character and previous successful experience, shall be entered with their address and percentages on the eligible register. No name shall remain upon the eligible register more than two years without a new application, and, if the rules of the commission so require, a new examination. When a vacancy has been filled or new appointment

made, the names selected shall be stricken from the eligible register and transferred to the service register."

The police civil service commission was appointed. It adopted rules, of which three are made part of the record, viz.: Rule 4, providing for appointment to positions in the police department of persons whose fitness had been determined by examination; rule 6, providing for the filling of higher positions by promotional examinations; and rule 9, providing for examinations based upon tests designed to determine fitness and for written or oral examinations or both.

The office of chief of police was to be filled by promotional examination in accordance with rule 6.

The record returned to the district court by the commission shows that, although so required by § 419.05, it failed to grade and classify the employes of the police department and to keep a service register or application register. Likewise, although so required by § 419.06, the commission kept no register of eligibles for appointment, did not certify Fitzpatrick's name for appointment as chief of police from such a register for lack of one, and failed to provide that the examination in question should be based "upon records of efficiency, character, conduct, and seniority" as well as by competition.

Prior to the certification the commission held an examination to determine the qualification of candidates. While the commission did not fix a passing mark, the notice of the examinations stated that the passing mark was 75. The method of scoring the examinations was not determined in advance thereof by the commission. As has been suggested, notwithstanding the fact that this was a promotional examination, the commission failed to provide as required by § 419.06(9) for an examination based upon records of efficiency, character, conduct, and seniority as well as upon competition. Of course it could not do so for lack of such records.

The examination was partly in writing and partly oral. The men who conducted the oral examination obtained some sort of service record of the candidates, but what it was is not disclosed. In addition, these examiners had not adopted objective standards for de-

termining the fitness of the candidates, and they ruled out some of them without having them answer all the questions put to others. The trial court's unchallenged statement, which partakes of the nature of a finding, is:

"It appears that the men who conducted the oral examination took into consideration their impressions of the candidates and their previous personal acquaintance with them and in this manner rated them for efficiency, character, and conduct; but the statute requires the use of existing official records. It further appears that they had some sort of record of seniority, but we do not know what it was. Moreover, we do not know how these qualities were weighed in determining the candidates' score, or that they were given a definite pre-determined weight in the scoring. The return indicates that each judge gave them some sort of indefinite emotional recognition, which may even have varied with different candidates. One gets the impression that they merely 'sized-up' the men. This does not appear to be what the statute requires."

There was no examination, as required by § 419.09, to determine the moral character, sobriety, and integrity of the candidates. Two of the members of the civil service commission stated that these matters were known to them and that no candidate's marks were influenced because of a bad character, except one, "and in that case his records in the department indicated breaches of duty." There were some other defects in the proceedings of the commission which we do not deem it necessary to state.

The trial court held that the certification was void because of the commission's failure to proceed in accordance with the police civil service law.

Appellants contend that because Fitzpatrick's fitness had been determined by examination there had been substantial compliance with the police civil service law and that consequently the certification of his name for appointment was valid.

The doctrine of substantial compliance has no application to the performance of duty by those entrusted with the administration of

the civil service law. It would open the door to abuses which the law was designed to suppress. The law provides for a complete system of procedure designed to secure appointment to public positions of those whose merit and fitness have been determined by examination, and to eliminate as far as practicable the element of partisanship and personal favoritism in making appointments. The question is learnedly discussed in People ex rel. Balcom v. Mosher, 45 App. Div. 68, 61 N. Y. S. 452, affirmed, 163 N. Y. 32, 57 N. E. 88, 79 A. S. R. 552. A civil service statute is mandatory as to every requirement. Mestad v. City of Rochester, 198 Minn. 558, 270 N. W. 577; Oehler v. City of St. Paul, 174 Minn. 410, 219 N. W. 760; People ex rel. Brennan v. Ellicott, 243 Ill. App. 374; Matter of Lennon v. Delaney, 263 App. Div. 568, 33 N. Y. S. (2d) 401. In Detoro v. City of Pittston, 351 Pa. 178, 182, 40 A. (2d) 486, 488, the court said:

"Plaintiff says that the board substantially complied with the statute, and for that reason his appointment was a valid one. In cases of this kind, substantial compliance is not sufficient. There must be strict compliance with the terms of the statute."

We held in the Mestad case (198 Minn. 560, 270 N. W. 578) that the requirements of § 419.05 for grading and classification and for keeping a service register are "obligatory" or mandatory. Likewise, we held in State ex rel. Sime v. Pennebaker, 215 Minn. 75, 9 N. W. (2d) 257, that a similar provision of the state civil service act for the keeping of an eligibility list was mandatory. So, likewise, is the duty to make certifications from the duly established eligibility list. A certification not made from the eligibility list is void. People ex rel. Qua v. Gaffney, 142 App. Div. 122, 126 N. Y. S. 1027; People ex rel. Pettit v. Knox, 31 Misc. 440, 65 N. Y. S. 635. The requirement for appointment of those certified from the eligibility list is a limitation upon the power to appoint. People ex rel. Gullett v. McCullough, 254 Ill. 9, 98 N. E. 156, Ann. Cas. 1913B, 995; State ex rel. Buell v. Frear, 146 Wis. 291, 131 N. W. 832, 34 L.R.A.(N.S.) 480. Determination of fitness of candidates for appointment by examination is but one of several requirements of the civil service law.

While it is perhaps the most important feature of the law, such examination alone will not suffice. For example, it has been held that, where the appointee's fitness has been established by due examination, his appointment is void where, although the certification of his name was from the proper list, the list had expired between the time of certification and the effective date of the appointment (Brown v. Craig, 209 App. Div. 11, 203 N. Y. S. 788); where the appointment was made prior to the examination determining fitness (People v. Ingham, 107 App. Div. 41, 94 N. Y. S. 733); or where the appointment was made from an improper list for the purpose (Matter of Cornehl v. Kern, 260 App. Div. 35, 20 N. Y. S. [2d] 368).

There was failure to base the promotional examination upon records of efficiency, character, conduct, and seniority as well as upon competition in accordance with the requirement of § 419.06(9). The records in question are required to be kept in the regular course of the administration of civil service. Information obtained or gathered for the occasion will not suffice. That sort of thing opens the door to personal favoritism and influence, which the law was designed to prevent. As said in People ex rel. Steele v. McGuire, 139 App. Div. 680, 682, 124 N. Y. S. 552, 554:

"* * * That rule, as we read it, requires a carefully prepared record, made from month to month, of the services which have been rendered; it contemplates a record made at a time when the person is not an active candidate for an advance, and is to deal with 'comparative conduct, seniority and efficiency in previous service.' The exception under paragraph 8 of the rule does not contemplate that the officers of a department, in the presence of an approaching examination, shall give their own estimates of the various candidates, but they are to approximate, as nearly as may be, the record which is provided for in the rule."

"Experience and seniority in service are elements to be considered upon the question of fitness to promotion." People ex rel. Kennedy v. Feldman, 179 App. Div. 295, 297, 166 N. Y. S. 375, 376. Since § 419.06(9) requires that the examination be based in part upon records, there was not only failure to comply with the statute, but

also *pro tanto* denial to the candidates taking the examination of the right derived therefrom.

The oral examinations failed to meet the requirements of §§ 419.06(2) and 419.09 that the examinations be competitive and such as test the fitness of the candidates for the position. One of the purposes of the civil service law is to eliminate entirely from the appointing process considerations of a personal nature and to determine fitness for appointment solely upon the basis of the candidate's qualifications. These purposes can be attained only if the examiners adopt *objective* standards as the basis of the examinations. The use of *subjective* standards amounts to no more than a personal preference of the examiner, no matter how fair and honest he may be. Matter of Bridgman v. Kern, 282 N. Y. 375, 26 N. E. (2d) 299; Matter of Andresen v. Rice, 277 N. Y. 271, 14 N. E. (2d) 65; Matter of Sloat v. Board of Examiners, 274 N. Y. 367, 9 N. E. (2d) 12, 112 A. L. R. 660; Matter of Fink v. Finegan, 270 N. Y. 356, 1 N. E. (2d) 462; Matter of Bridgman v. Kern, 257 App. Div. 420, 13 N. Y. S. (2d) 249; Matter of Konieczny v. Streeter, 182 Misc. 376, 43 N. Y. S. (2d) 820. In Matter of Andresen v. Rice, *supra,* the rule was applied to the examination of a state police trooper, and in Matter of Konieczny v. Streeter, *supra,* to the examination of a police lieutenant. The rule is well stated in Matter of Quinn v. Streeter, 174 Misc. 1073, 1074, 22 N. Y. S. (2d) 546, 548, where the appointment of a police captain was involved and where the court said:

"* * * For it is a definite principle of law that 'A test or examination, to be competitive, must employ an objective standard or measure. Where the standard or measure is wholly subjective to the examiners it differs in effect in no respect from an uncontrolled opinion of the examiners and cannot be termed competitive. * * * An examination cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience.' "

Here, the tests used by the examiners conducting the oral examinations were not only subjective in part and thus plainly not such as the statute contemplates should be adopted, but, in addition, the same questions were not asked all candidates, and no definite basis had been adopted for grading the answers to the questions propounded. Some candidates were ruled out, as the examiners said, without giving them the entire oral examination. However fair and honest the examiners here may have been, such a practice should not be tolerated, because in the final analysis the result of the examination is made to depend upon the examiner's uncontrolled personal opinion and not upon the objective standards required by the law, and because thereby the way is opened to abuses which it is the purpose of the civil service law to suppress and to prevent.

We hold that there has been such lack of compliance with the civil service law as to render the certification of Fitzpatrick's name void. See the Mestad case (198 Minn. 558, 270 N. W. 577), *supra*.

Affirmed.