STATE OF MINNESOTA

IN SUPREME COURT

A13-2337

Court of Appeals                                                                                    Page, J.

Greg Peterson,

        Appellant,

vs.                                                                                              Filed: June 10, 2015
                                                                                        Office of Appellate Courts

Richfield Civil Service Commission, et al.,

        Respondents.

_____

Erik F. Hansen, Burns & Hansen, P.A., Minneapolis, Minnesota, for appellant.

Julie Fleming-Wolfe, Saint Paul, Minnesota, for respondents.
_____

S Y L L A B U S

The court of appeals erred by determining that the term "records" under Minn. Stat. § 419.06(9) (2014) includes a candidate's interview responses at the time the candidate is applying for a promotion.

Reversed and remanded.

O P I N I O N

PAGE, Justice.

Appellant, Richfield Police Officer Greg Peterson, filed a petition for writ of certiorari with the Minnesota Court of Appeals after he was denied a promotion based on

1

the results of a civil service test conducted by respondent Richfield Police and Fire Civil Service Commission (Commission). Peterson claimed that the Commission violated Minn. Stat. § 419.06(9) (2014) by failing to review "records of efficiency, character, conduct and seniority" as part of the Commission's promotional process. The court of appeals affirmed, concluding that the Commission satisfied the statute's "records" requirement. For the reasons discussed below, we reverse and remand for further proceedings consistent with this opinion.

Minnesota Statutes § 419.01 (2014) authorizes cities to establish local police civil service commissions. Pursuant to this authority, the City of Richfield created the Richfield Police and Fire Civil Service Commission. In July 2013 the Commission approved a new procedure for filling vacant detective positions. The new procedure consisted of two parts: (1) a written examination, comprising 40% of the applicant's total score; and (2) an oral interview, comprising 60% of the applicant's total score.

After the new procedure was approved, the Richfield Police Department posted an opening for a detective position. The posting detailed the testing procedures, eligibility requirements, and application process for the position. The posting included the following statement: "DO NOT submit a resume or supporting documents." Five officers, including Peterson, applied for the position. The candidates were given 60 days to review materials and prepare for the written examination and oral interview. On October 8, 2013, the written examination was administered, and 1 week later a four-member panel interviewed each of the candidates. The panel asked each candidate the same ten questions and each panel member scored each candidate's responses on a scale

2

from one to ten. After the written and oral test scores were compiled, Peterson ranked fourth out of the five candidates. On October 29, 2013, the officer with the highest ranking was promoted to detective.

Peterson filed a petition for writ of certiorari with the Minnesota Court of Appeals, arguing that the Commission failed to review "records of efficiency, character, conduct and seniority" during the promotional process, as required by Minn. Stat. § 419.06(9).[1] In an unpublished opinion, the court of appeals held that the Commission's promotional process met the requirements of Minn. Stat. § 419.06(9). *See Peterson vs. Richfield Civil Serv. Comm'n*, No. A13-2337, 2014 WL 3801391 (Minn. App. Aug. 4, 2014). In doing so, the court explained that "[t]he term 'records' has many definitions and encompasses various types of factual or historical accounts, including written documents." *Id.* at *2. The court noted, however, that "nothing in the broad concept of 'records' mandates a writing" and that " 'records' " can be "written documents, an oral account . . . , or some combination of the two." *Id.* The court further explained that Minnesota precedent supports a broad reading of the term "records." *Id.* at *3.

---

[1]    Appellant's brief asserts that "Officer Peterson maintains that the Commission's failure to consider his seniority and conduct as an officer while evaluating his application was retaliatory based upon his successful suit for age discrimination." The record on appeal contains no facts or other information related to this assertion. Minnesota Rule of Civil Appellate Procedure 110.01 provides that "[t]he documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases." *See also* Minn. R. Civ. App. P. 115.04, subd. 1 (applying Minn. R. Civ. App. P. 110 to certiorari appeals). Thus, the information relating to Peterson's age discrimination suit is not properly a part of the record on this appeal.

Minnesota Statutes § 419.06 sets out the general authority and duties of police civil service commissions. *State v. Serstock*, 402 N.W.2d 514, 517 n.3 (Minn. 1987). Minnesota Statutes § 419.06 provides that:

> The commission shall adopt rules to promote efficiency in the police department service and to carry out the purposes of this chapter. The rules must provide among other things for: . . . (9) promotion based on competitive examination and upon *records of efficiency, character, conduct and seniority*.

Minn. Stat. § 419.06(9) (emphasis added).

Although Minn. Stat. ch. 419 does not provide a definition for the term "records," we have construed section 419.06(9) in the past. In *State ex rel. Kos v. Adamson*, we considered whether the acts and omissions of the Rochester Police Commission relating to the appointment of a chief of police violated Minn. Stat. ch. 419. 226 Minn. 177, 178, 32 N.W.2d 281, 281-82 (1948). We held that Rochester's promotional process was invalid because, among other things, the commission "failed to provide that the examination in question should be based 'upon records of efficiency, character, conduct, and seniority' as well as by competition." *Id.* at 181, 32 N.W.2d at 283. Specifically, we stated:

> There was failure to base the promotional examination upon records of efficiency, character, conduct, and seniority as well as upon competition in accordance with the requirement of [Minn. Stat.] § 419.06(9). The records in question are required to be kept in the regular course of the administration of civil service. *Information obtained or gathered for the occasion will not suffice.* That sort of thing opens the door to personal favoritism and influence, which the law was designed to prevent.

*Id.* at 184, 32 N.W.2d at 284-85 (emphasis added). *Kos* guides our decision here. While we did not define the term "records" in *Kos*, we did hold that the "records" requirement

cannot be met by candidate interviews because the candidate's interview responses do not constitute records "kept in the regular course of the administration of civil service," but are "information obtained or gathered for the occasion." *Kos*, 226 Minn. at 184, 32 N.W.2d at 285.

The Commission argues that our decision in *Anderson v. Police Civil Serv. Comm'n,* 414 N.W.2d 389 (Minn. 1987), is factually more applicable to this case than *Kos*. Specifically, the Commission argues that the only difference between the process approved in *Anderson* and the one conducted in this case is that in *Anderson*, the background, experience, and performance information was provided by the candidates in their written application materials, 414 N.W.2d at 390, and here, the information was provided verbally in response to the interview questions. Accordingly, because the promotional process in *Anderson* was approved, the Commission asks us to reach the same result in this case. We decline to do so.

In *Anderson*, the question before us was whether the Willmar Police Commission violated Minn. Stat. ch. 419 by impermissibly delegating its authority to an independent board that assisted in the selection of applicants. 414 N.W.2d at 391. We held that the Willmar Police Commission did not violate the statute because the commission retained ultimate authority over the general selection process and the final selection decision. *Id*. at 394. The "records" requirement found in Minn. Stat. § 419.06(9) was not at issue in *Anderson*. Thus, *Anderson* does not stand for the proposition that the "records" requirement can be met solely by candidate interviews.

5

In light of our holding in *Kos*, we conclude that the Commission violated Minn. Stat. § 419.06(9) when it failed to consider records "kept in the regular course of the administration of civil service," *Kos*, 226 Minn. at 184, 32 N.W.2d at 285, as required by statute. We therefore reverse the court of appeals and remand to the Richfield Police and Fire Civil Service Commission for further proceedings consistent with this opinion.

Reversed and remanded.