JOHN P. CURRY *v.* THE CIVIL SERVICE COMMISSION OF THE CITY OF BRIDGEPORT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 7—decided April 5, 1939.

*James C. Shannon,* with whom, on the brief, were *Frank L. Wilder* and *Henry E. Shannon,* for the appellant-appellee (plaintiff).

*John V. Donnelly,* for the appellant-appellee (defendant).

MALTBIE, C. J. An ordinance of the city of Bridgeport enacted in 1920 established the rank of detective sergeant in the police department. In 1926 a further ordinance provided for the appointment of members of the detective division as "permanent detective sergeants." The plaintiff was thereupon appointed to that rank and his position has always borne the designation of "detective sergeant." In 1935 the charter of the city was amended to establish a civil service and the civil service commission was given power to adopt a classification of employees, subject to a majority vote of the common council and the approval of the mayor. 22 Special Laws, p. 262, § 4. A classification was adopted which provided for "police sergeants" but not "detective sergeants." Under the provisions of the charter the plaintiff appealed to the commission, seeking a reconsideration of this classification to provide for the grade of detective sergeant and upon denial of relief to him appealed to a judge of the Superior Court who also denied him relief.

The plaintiff claimed that the classification of "police sergeant" without any classification of "detective sergeant" in effect abolished the latter rank and that to classify him as a police sergeant was a demotion. A provision of the charter of the city provides that its common council shall not abolish any existing office

or reduce the rank or salary of any officer, unless the office becomes vacant or an officer is removed for cause. 19 Special Laws, p. 36. The amendment to the charter concerning civil service contains a provision: "Each person holding an office created by ordinance and serving for a stipulated term shall continue in such office until the expiration of such term, at which time such office shall be filled, pursuant to the provisions of this act." 22 Special Laws, p. 263, § 6. If the effect of the classification made was to abolish the office of detective sergeant it would certainly be of questionable validity under these provisions.

At the argument before us counsel for both the plaintiff and the defendant were in agreement that this was not the effect of the classification and that the trial court was correct in its conclusion stated in the finding: "The position of the plaintiff in the police department remained the same after the allocation of his position to the classification plan, as it had been before such allocation, and the plaintiff continued to be possessed of whatever rights were incident to his position by reason of the circumstances of his appointment thereto." Counsel also agree that had this conclusion been embodied in the judgment file, which, as drawn, merely finds the issues for the defendant, it would have correctly expressed the true legal situation. If the trial judge had been requested while the matter was still before him to insert this conclusion in the judgment he would, no doubt, have done so. Under the circumstances the only way now to set the record straight is for us to remand the case to him with direction to include this conclusion in the judgment in addition to the general finding of the issues for the defendant.

The judgment is therefore set aside and the case re-

manded with direction to enter a judgment modified in accordance with this opinion.

In this opinion the other judges concurred.