CHRISTOPHER J. MEYER *v.* JOHN W.
COLLINS ET AL.
(AC 16920)

CHRISTOPHER J. MEYER ET AL. *v.* TOWN OF
VERNON ET AL.
(AC 16921)

Landau, Schaller and Sullivan, Js.

Argued March 23—officially released August 18, 1998

*Paul H. Gamache*, for the appellants (plaintiffs).

*George J. Kelly, Jr.*, for the appellees (defendants).

*Opinion*

LANDAU, J. The plaintiffs[1] appeal from the judgment denying their application in the first case for a writ of quo warranto[2] seeking to oust the defendants from their appointments as police sergeants of the town of Vernon (town).The plaintiff Christopher J. Meyer also appeals from the judgment denying his request for a writ of mandamus to require the town to administer another examination for the position of police sergeant.[3] On

---

[1] The plaintiffs are Christopher J. Meyer and Paul E. Meyer. Christopher J. Meyer originally brought these actions on his own behalf and subsequently filed a motion to add Paul Meyer as a party plaintiff in the quo warranto action, which was granted by the trial court.

[2] General Statutes § 52-491 provides in relevant part: "When any person . . . usurps the exercise of any office . . . the Superior Court may proceed, on a complaint in the nature of a quo warranto, to punish such person . . . for such usurpation, according to the course of the common law and may proceed therein and render judgment according to the course of the common law."

[3] The trial court's memorandum of decision did not address the merits of the mandamus action because it denied the relief sought in the quo warranto action. The plaintiff in the mandamus action, Christopher J. Meyer, has appealed from the denial of his request for a writ of mandamus to preserve his right to have the matter retried in the event of a reversal by this court.

appeal, the plaintiffs claim that the trial court improperly (1) concluded that the town had not exceeded its authority in creating a list of eligible candidates for the position of sergeant when the stated duration exceeded that authorized by the town rules and regulations and (2) interpreted the town rules and regulations. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to the disposition of this appeal. In May and June of 1995, the town conducted an examination for the position of police sergeant. The plaintiff Christopher J. Meyer and the defendants John W. Collins, Paul G. Miffitt and Donald S. Weglarz are police officers employed by the town who sat for the examination along with other police officers. On the basis of the results of the examination, the police department published an eligibility list for the position of sergeant, ranking six individuals in the order of their scores.[4] The list was "established effective June 21, 1995 and shall expire June 30, 1997."

The mayor, Edward Slattery, by letter dated July 18, 1995, appointed Collins, who had the highest score, to the position of police sergeant effective July 23, 1995, and Miffitt, who had the second highest score, to the position of sergeant effective July 24, 1995. The succeeding mayor, Tony Muro, by letter dated September 10, 1996, confirmed the appointment of Weglarz, who had the fourth highest score, to the position of sergeant effective September 29, 1996. By letter dated September 27, 1996, Muro stated to the chief of police that "[t]his is to confirm that I have authorized a one year extension of the certified list for promotion to Sergeant, pursuant

---

[4] The list provided in relevant part as follows:

"1. Collins, John W.        91.456
"2. Miffitt, Paul G.        88.332
"3. Meyer, Christopher J.    84.082
"4. Weglarz, Donald S.       82.926"

to Section 8.2 K of the Town of Vernon Personnel Rules & Regulations."[5] The letter further provided that "the certified list was established with an effective date of June 21, 1995. This extension therefore should be considered to be effective as of June 21, 1996."

On October 11, 1996, Christopher J. Meyer filed two complaints, one in the nature of quo warranto and one in the nature of mandamus, against the defendants. On December 18, 1996, the plaintiff filed a motion to add Paul E. Meyer as a party plaintiff, which the trial court granted. The plaintiffs sought, in their quo warranto action, to oust the defendants from their positions as sergeants and, in their mandamus action, to compel the town to hold another examination and to compile a new list of candidates. The trial court dismissed the quo warranto complaint as to Christopher J. Meyer for lack of standing, but permitted Paul E. Meyer to proceed with the quo warranto action.[6] The trial court, however, denied the plaintiff's quo warranto action and mandamus action. This court granted the plaintiff's motion

[5] Rule 8.2 K provides: "Duration of List: The certification list shall be effective for one (1) year; it can be extended up to one additional year by the Mayor."

[6] The following parties have standing to proceed in a quo warranto action: the government that created the office in question, one entitled to claim the office and a taxpayer of the town in which the charter authorizes the office. *Carleton* v. *Civil Service Commission*, 10 Conn. App. 209, 216, 522 A.2d 825 (1987). The trial court found that Christopher J. Meyer was neither the governmental entity nor a taxpayer of the town of Vernon. Further, the court found that because the list names only those who are eligible, leaving the town with discretion to choose among those with the three highest scores, Christopher J. Meyer was not entitled to claim the office. As a result, the trial court concluded that Christopher J. Meyer lacked standing to proceed. Nevertheless, Paul E. Meyer's interest and standing in this matter is as a resident and taxpayer of the town of Vernon.

Although Christopher J. Meyer and Paul E. Meyer both appealed from the denial of their application for a writ of quo warranto, neither argued that the trial court improperly dismissed the complaint as to Christopher J. Meyer for lack of standing. As a result, we will address only Paul E. Meyer's appeal. Hereinafter, we refer to Paul E. Meyer as the plaintiff.

for consolidation of the appeals from the quo warranto and mandamus actions.

I

The plaintiff first argues that the trial court improperly concluded that the town had not exceeded its authority in creating a list of eligible candidates for the position of sergeant when the stated duration exceeded that authorized by the town rules and regulations. The plaintiff argues that as a result of the durational error, the entire list is void ab initio. We disagree.

"Rules and regulations adopted pursuant to the authority granted by [a town] charter carry a presumption of validity and have the force and effect of law. *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 497, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986)." *Civil Service Commission* v. *Pekrul,* 41 Conn. Sup. 302, 313, 571 A.2d 715 (1989), aff'd, 221 Conn. 12, 601 A.2d 538 (1992). When construing a town charter, the court must determine the intent of the legislative body that promulgated the rules. *McAdams* v. *Barbieri,* 143 Conn. 405, 418, 123 A.2d 182 (1956). "To determine the intent of the charter, '[t]he enactment must be examined in its entirety and its parts reconciled and made operative so far as possible.' [Id.]" *New Haven Police Local 530* v. *Logue,* 188 Conn. 290, 297, 449 A.2d 990 (1982). "Intent is to be ascertained from the language used, if it is plain and unambiguous; or, if it is not, by considering the legislation in the light of all of its provisions, the object which it seeks to accomplish, the pre-existing legislation upon the same subject matter, and all other relevant circumstances. . . . The words used must be accorded their commonly accepted meaning." (Citation omitted.) *McAdams* v. *Barbieri,* supra, 415–16.

Section 8.2 K of the town rules and regulations clearly provides that the list "shall be effective for one (1) year." The plaintiff, however, argues that the list is void ab initio because the stated duration on the list exceeds the one year duration provided in § 8.2 K. The plaintiff argues that the issue in the present appeal is "the integrity of the civil service system." The plaintiff cites *Resnick* v. *Civil Service Commission,* 156 Conn. 28, 32, 238 A.2d 391 (1968), and *Walker* v. *Jankura,* 162 Conn. 482, 294 A.2d 536 (1972), for the proposition that "any violation of the civil service law, regardless of the consequences, impugns the integrity of the merit system and, therefore, must be fatal."[7]

In *Resnick,* our Supreme Court held an examination illegal and void because, during an interview required as part of an open competition for a municipal position, the interviewer asked the plaintiff improper questions regarding his political and religious affiliations. The

---

[7] The plaintiff cites several additional cases for the proposition that the list is illegal and void in light of Connecticut decisions that have "uniformly recognized the importance of preserving the integrity of the civil service system." The plaintiff's reliance on such decisions is misplaced because unlike in the present case, the rules of the municipalities in those cases contained provisions expressly requiring cancellation of the list or appointments made pursuant to it in certain circumstances or the practice of the town flouted the policy behind limitations on eligibility lists. See *Cassella* v. *Civil Service Commission,* 202 Conn. 28, 36, 519 A.2d 67 (1987) (examination taken by plaintiff illegally altered in his favor; thus, promotion not according to merit, fitness); *State ex rel. Gaski* v. *Basile,* 174 Conn. 36, 41, 381 A.2d 547 (1977) (prohibiting appointment from expired list and refusing to create judicially new list as it would "flout the policy" regarding limitations on eligibility lists); *McAdams* v. *Barbieri,* supra, 143 Conn. 409 (charter specifically provided "any appointment made in violation of its provisions was null and void"); *State ex rel. Chernesky* v. *Civil Service Commission,* 141 Conn. 465, 470, 106 A.2d 713 (1954) (act specifically provided that " 'commission shall cancel such portion of any list as has been in force for more than two years' "); *New Haven Firebird Society* v. *Board of Fire Commissioners,* 32 Conn. App. 585, 589, 630 A.2d 131, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993) (promotions "subject to assignment" extended two year limitation indefinitely, thereby violating principle that one does not acquire "permanency of eligibility" by passing examination once).

*Resnick* court analyzed the "object of the legislation" to determine whether it should declare the examination illegal and void due to the illegal questions.[8] *Resnick* v. *Civil Service Commission,* supra, 156 Conn. 30. The court reasoned that the purpose of open competitive examinations is to ensure that civil service appointments are given to those best qualified and "thus advance the cause of civil service." Id., 30–31. The court stated that "[t]he purpose of these laws is to ensure the appointment of personnel possessed of the qualifications which are necessary for a fit and intelligent discharge of duties pertaining to public office and to free public employees from the fear of political and personal prejudicial reprisal." Id., 31. The court reasoned that the prohibition against asking questions relating to political and religious affiliations "was intended to eliminate a reversion to political or religious affiliation as a test for the appointment to a position so as to contravene that which had been accomplished in the way of civil service reform." Id. As a result, the court held the examination illegal and void because even when good faith or substantial compliance on the part of the municipality is claimed, such questioning would "open the door to abuses which the law was designed to suppress." Id., 33.

In *Walker,* our Supreme Court affirmed the trial court's judgment, holding illegal and void an eligibility list established as a result of an examination given in violation of the town charter and civil service rules. *Walker* v. *Jankura,* supra, 162 Conn. 482. Pursuant to the town charter, the personnel director was required to hold an examination for the position of police inspector within 120 days of the establishment of a vacancy for

---

[8] The civil service provisions of the charter provided that "[n]o question in any test shall relate to religious or political opinions or affiliations." (Internal quotation marks omitted.) *Resnick* v. *Civil Service Commission,* supra, 156 Conn. 30.

such position. Id., 485. The applicants for the examination were required to have accrued three years of experience to qualify to take the examination. Id. The personnel director, however, intentionally delayed holding the examination until after the required 120 day period had passed to enable two additional candidates to complete the necessary three years experience. Id., 486. The court reasoned that the 120 day requirement was "of the essence of the thing to be accomplished and that it relate[d] to [a] matter of substance rather than to [a] matter of convenience." Id., 489. As a result, the court concluded that the statute was mandatory. Id. The court recited the principle that civil service law "provides for a complete system of procedure designed to secure appointment to public positions of those whose merit and fitness has been determined by examination, and to eliminate as far as practicable the element of partisanship and personal favoritism in making appointments." (Internal quotation marks omitted.) Id., 490. Under this factual scenario, the *Walker* court affirmed the trial court's decision that "the only reasonable remedy is to order that the list established as a result of the examination be vacated, the examination be held again and that the new examination be open only to candidates who possessed the requisite experience and qualifications . . . ." Id., 487.

Unlike the circumstances present in *Resnick* and *Walker*, the mayor, who is charged with making the appointments, appointed Collins and Miffitt to the position of sergeant pursuant to the requirements of the town charter. In fact, the mayor appointed Collins and Miffitt the month following the creation of the eligibility list. Further, the policy considerations in *Resnick* and *Walker* do not exist in the present case. Collins and Miffitt were appointed within the period of time contemplated by the rules. See *State ex rel. Chernesky* v. *Civil Service Commission*, 141 Conn. 465, 470, 106 A.2d 713

(1954), in which the court held that "[a] limitation upon the time during which an eligibility list remains effective is in the public interest. That interest is fostered by requiring those remaining upon a list to resubmit themselves after a lapse of time to demonstrate anew their fitness for original or promotional appointment." Unlike the situation in *Walker*, it is reasonable in the present case to invalidate the duration stated on the list in favor of the one year duration provided in the town charter. See *Marsala* v. *Bridgeport*, 15 Conn. App. 323, 324–25 n.1, 544 A.2d 191, cert. dismissed, 209 Conn. 808, 548 A.2d 437 (1988) (court invalidated only last day of appointment flawed by inclusion of extra day).

Because we conclude that the list is not void ab initio, we conclude that the appointments of Collins and Miffitt are valid, as they were made within the period of time provided in the town charter. On the other hand, to determine whether the appointment of Weglarz was valid, we must determine whether the mayor properly extended the list for the second year, during which Weglarz was appointed.

II

The plaintiff next argues that the mayor's allegedly retroactive extension of the list was untimely and unlawful and, as a result, the appointment of Weglarz is illegal and void. In support of this argument, the plaintiff argues that the plain meaning of § 8.2 K is that the list expires one year from the date it becomes effective unless the mayor extends it *prior* to such expiration. The plaintiff argues that the mayor failed to extend the list prior to its expiration as evidenced by a letter from the mayor to the chief of police dated subsequent to the expiration of the list. We disagree.

Section 8.2 K simply provides that "[t]he certification list shall be effective for one (1) year; it can be extended up to one additional year by the Mayor." Neither the

town charter nor the personnel rules and regulations prescribe the manner in which the mayor may extend the list or the time during which the extension may take place. Therefore, we are unaware of any required procedures for the mayor to extend an eligibility list. Furthermore, the letter from the mayor to the chief of police provides that "[t]his is to *confirm* that I *have authorized* a one year extension of the certified list for promotion to Sergeant, pursuant to Section 8.2 K of the Personnel Rules & Regulations." (Emphasis added.) The letter is ambiguous. It can be read to the effect either that the mayor was confirming an extension that he had already made or that the mayor was then making the extension. Therefore, although the letter is dated subsequent in time to the expiration of the first year of the list, we are left to speculate as to the actions that the mayor had already taken with regard to extending the list prior to the date of the letter.

Under these circumstances, we turn to the principle of law that " '[p]ublic officers, acting in their official capacity, are presumed, until the contrary appears, to have acted legally and properly.' *Brookfield* v. *Candlewood Shores Estates, Inc.*, 201 Conn. 1, 6, 513 A.2d 1218 (1986)." *Beechwood Garden Tenants' Assn.* v. *Dept. of Housing*, 214 Conn. 505, 515, 572 A.2d 989 (1990). In the present case, the presumption that the mayor acted legally and properly governs, as the plaintiff has not shown the contrary.[9]

The judgments are affirmed.

In this opinion the other judges concurred.

---

[9] We note that the parties agreed that the complaint in the present case was filed prior to the date of the mayor's letter. This fact, however, does not resolve the question of what, if anything, the mayor did, or was required to do, to effectuate the extension properly.