[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this case is whether the court should order the City of Waterbury to offer a person convicted of third degree arson, a felony, a position as a firefighter in the City of Waterbury. Because the court concludes that the defendants were appropriately exercising their discretion under applicable civil service rules in deciding not to offer plaintiff such a position, plaintiffs request for a writ of mandamus is denied.
 FACTS
The plaintiff, Timothy J. Noreika, filed a four count complaint dated April 23, 1999, against the defendant Edmund A.S. Jayaraj, Director of Personnel, the defendant city of Waterbury, the defendant Civil Service Commission of the city of Waterbury and the defendant Waterbury Board of Fire Commissioners. The first count of the complaint alleges the following:
The plaintiff applied for the open position of firefighter for the city of Waterbury on or before September 26, 1997. The firefighter position is within the competitive division of the classified service of employees of Waterbury. On June 16, 1998, after the filing of his application and the taking of a written examination for the position, the plaintiff was ranked at number twenty-two (22) on a firefighter eligibility list. After June 16, 1998, the plaintiff completed and returned to the Personnel Department a background information questionnaire. Thereafter, the plaintiff appeared before the Personnel Department for a requested interview concerning his criminal record. Subsequently, the plaintiff appeared for and passed both a physical agility test and a medical examination. Following these examinations, the plaintiff appeared for an oral interview concerning his application.
On October 22, 1998, defendant Jayaraj certified twenty-nine (29) names from the firefighter eligibility list for hiring as firefighters. Although the plaintiff was ranked no lower than number twenty-two on this list, the defendant Jayaraj and/or the Personnel Department bypassed the plaintiffs name for hiring. On March 5, 1999, the plaintiff was notified that his name had been removed from the firefighter eligibility list. The plaintiff CT Page 15997 appealed both the decision to bypass his name and to remove his name from the eligibility list. On April 6, 1999, the defendant Civil Service Commission denied both appeals.
In accordance with Practice Book § 2346 (formerly § 542), the prayer for relief of the first count of the complaint is in the nature of a writ of mandamus, ordering that the defendant Jayaraj 1) restore the plaintiffs name to the firefighter eligibility list dated June 16, 1999, in the same rank he held as of October 22, 1998, and 2) certify the plaintiffs name from the aforementioned eligibility list to the Waterbury Board of Fire Commissioners for swearing in and appointment as a firefighter. Plaintiff further requests that the court order the defendant board of Fire Commissioners swear in and appoint the plaintiff as a firefighter.
In accordance with Practice Book § 23-49 (formerly § 545), the defendants filed a memorandum of law dated July 8, 1999, in opposition to the plaintiffs request for a writ of mandamus. The defendants argue that the request for a writ of mandamus should be denied on the ground that the plaintiff did not have a clear legal right to be restored to the eligibility list, certified from the list, nor sworn in as a firefighter because he failed the required background evaluation component of the examination process for the firefighter position. The defendants argue that pursuant to the city of Waterbury's Civil Service Rules and Regulations, Chapter 5, Section 5 and Chapter 6, Section 7, they had the discretion to determine that the plaintiff was unfit for the position due to his prior criminal convictions.
On July 16, 1999, the plaintiff filed a trial brief in support of his request for relief.
 DISCUSSION
General Statutes § 52-485 (a) provides that "[t]he Superior Court may issue a writ of mandamus in any case in which a writ of mandamus may by law be granted, and may proceed therein and render judgment according to rules made by the judges of the Superior Court or, in default thereof, according to the course of the common law." Practice Book § 23-46 (formerly § 542) provides in pertinent part that "[t]he writ and complaint in an original action shall be in the form used in, and served as are, ordinary civil actions, but with a distinct statement in the CT Page 15998 prayer for relief that an order in the nature of a mandamus is sought." Practice Book § 23-49 (formerly § 545) provides that "[t]he defendant may file any proper motion directed to the allegations of the complaint . . . or a return in the form of an answer, and further pleadings shall continue as in civil actions until issues are joined. . . ."
"An action for mandamus is a lawsuit like any other lawsuit. . . . [C]ase law has long dictated that the general rules of pleading apply in a mandamus proceeding." (Citations omitted.) Marciano v. Piel, 22 Conn. App. 627, 628-29,579 A.2d 539 (1990). The complaint "must allege all of the facts which are essential to show, prima facie, that the plaintiff has a clear legal right to the relief sought." State ex rel. Donahue v.Holbrook, 136 Conn. 691, 694, 73 A.2d 924 (1950).
"[T]he writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits." (Internal quotation marks omitted.) Hennessey v. Bridgeport, 213 Conn. 656, 659.569 A.2d 1122 (1990); see also Miles v. Foley, 54 Conn. App. 645,653, ___ A.2d ___ (1999). A plaintiff seeking a writ of mandamus must satisfy a three-pronged test. "It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to performance of that duty; and (3) that the plaintiff has no adequate remedy at law." (internal quotation marks omitted.) Stratford v. State Board of Mediation Arbitration, 239 Conn. 32, 44, 681 A.2d 281 (1996); see alsoGolden Hill Paugussett Tribe of Indians v. Weicker,51 Conn. App. 552, 555, ___ A.2d ___ (1999).
"The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance." (Internal quotation marks omitted.) Gelinasv. West Hartford, 225 Conn. 575, 586, 626 A.2d 259 (1993); Honanv. Greene, 37 Conn. App. 137, 143, 655 A.2d 274 (1995). "[M]andamus neither gives nor defines rights which one does not already have. It enforces, it commands. performance of a duty. It acts at the instance of one having a complete and immediate legal right; it cannot and it does not act upon a doubtful or contested right. . . . (Internal quotation marks omitted.) Hennessy v.Bridgeport, supra, 213 Conn. 659; see also Honan v. Greene, supra, CT Page 1599937 Conn. App. 143.
"[A] writ of mandamus will lie only to direct performance of a ministerial act which requires no exercise of a public officer's judgment or discretion." (Internal quotation marks omitted.) Clark v. Gibbs, 184 Conn. 410, 419, 439 A.2d 1060
(1981). Mandamus is not available "where a public officer acts within the scope of delegated authority and honestly exercises [his or] her judgment in performing [his or] her function. . . ." Id. "[P]ublic officers, acting in their official capacity, are presumed, until the contrary appears, to have acted legally and properly." (Internal quotation marks omitted.) Meyer v. Collins,49 Conn. App. 831, 840, 717 A.2d 771 (1998).
"Even satisfaction of this demanding [three-pronged] test does not, however, automatically compel issuance of the requested mandamus. . . . In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity." (Citation omitted.) Hennessey v. Bridgeport, supra,213 Conn. 659.
The plaintiff's request for a writ of mandamus is denied because he has failed to satisfy the necessary requirements for the issuance of such an extraordinary remedy. The plaintiff has not established that he had a clear legal right not to be bypassed and removed from the firefighter eligibility list, nor has he established that defendant Jayaraj had a nondiscretionary duty to certify his name from the eligibility list for hiring as a firefighter.
The Personnel Department notified the plaintiff by letter dated March 23, 1998, that his application had been processed and that before certification, he would be subject to a background investigation in addition to a written examination, a physical agility test and a medical examination. (Defendants' Memorandum, Exhibit D.) Although the plaintiff was ranked at number twenty-two (22) on the eligibility list on June 16, 1998, based on his score from the written examination, he had yet to take and pass the physical agility test, the medical examination and the background examination. (See Defendants' Memorandum, Exhibits E, F, H, I, K, M.) By letter dated July 15, 1998, the plaintiff was notified that the next phase of the firefighter exam was the background review, and failure to attend would result in his name being removed from the eligibility list. (Defendants' Memorandum, Exhibit F.) CT Page 16000
During the application process, the defendants learned that the plaintiff had been convicted in 1985 of third degree arson and third degree burglary. (See Defendants' Memorandum, Exhibits C, G, H.) By letter dated September 25, 1998, the plaintiff was informed that he would be allowed provisionally to take the physical agility test "pending a satisfactory review by the Personnel Department of the circumstances surrounding [his] convictions for burglary and arson." (Defendants' Memorandum, Exhibit I.) In this letter, the Personnel Department requested that the plaintiff submit a narrative by his attorney regarding the circumstances under which he pleaded guilty to the aforementioned charges. (Defendants' Memorandum, Exhibit I.) Both the plaintiff and his attorney, T. Stevens Bliss, submitted letters, dated July 24, 1998, and October 1, 1998, respectively, in regards to the convictions. (Defendants' Memorandum, Exhibits G, J.) The plaintiff indicated that the charges arose from his borrowing, without permission, a bike from neighbors, whose house was on fire. (Defendants' Memorandum, Exhibit G.) Attorney Bliss indicated that the plaintiff entered a plea of nolo contendere to third degree arson and third degree burglary. (Defendants' Memorandum, Exhibit J.)
The plaintiff subsequently took and passed both the physical agility test and medical examination. (Complaint, ¶¶ 18, 22; Answer ¶¶ 18, 22.) The defendants argue that, however, the plaintiffs name was bypassed and removed from the firefighter eligibility list because of the criminal convictions in his background and his inability to provide the defendants with information as to his innocence.[1] (Defendants' Memorandum, Exhibits M, R.)
The city of Waterbury's Civil Service Rules and Regulations, Chapter 5, Section 3, "Applications and Examinations: Employment Requirements," provides in pertinent part that "[a]ll permanent positions shall be open to applicants who meet the requirements. . . . Such requirements may include but shall not be limited to the following factors: . . . character. . . ." (Defendants' Memorandum, Exhibit A.) Section 5, "Rejection of Applications," provides in pertinent part that "[a]pplicants may be rejected at any time for any of the following: . . . has everbeen convicted of a felony or crime involving moral turpitude, or is guilty of any disgraceful conduct; . . . has made false statements of any material fact, or practiced or attempted to practice any deception or fraud in his application. . . . CT Page 16001 Whenever an application for a position in the competitive division is rejected, notice of such rejection shall be mailed to the applicant by the Director of Personnel, stating the reason thereof." (Emphasis added.) (Defendants' Memorandum, Exhibit A.) Section 6, "Open Competitive Examinations," provides in pertinent part that "[e]xaminations . . . may include but shall not be limited to written, oral, physical or performance tests or any combination of these. They may take into consideration such factors as . . . character . . . or any other qualifications which in the judgement of the Director [of Personnel] enter into the determination of the relative fitness of applicants." (Defendants' Memorandum, Exhibit A.)
Chapter 6, Section 7(h), "Eligible Lists: Removal of Name From Lists," provides that "[n]ames may be removed from eligible lists for any of the reasons listed below; . . . If upon review of eligibility, it is discovered that the applicant would be subject to rejection under other provisions of these regulations." (Defendants' Memorandum, Exhibit A.)
Defendant Jayaraj had the authority pursuant to the Civil Service Rules and Regulations, in particular Chapter 6, Section 7 (h), to remove the plaintiffs name from the firefighter eligibility list because the plaintiff was subject to rejection under Chapter 5, Section 5, in that he had been convicted of the felonies of third degree arson and third degree burglary. "According to Chapter [5, Section] 5, the Director of Personnel has some discretion in the hiring process." Bouthot v. James, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 115096 (May 20, 1994, Barnett, J.). Although the plaintiff was successful in all other aspects of the application process, the defendants determined that he was not an ideal candidate for the position of firefighter because of the nature of his past felony convictions. (Defendants' Memorandum, Exhibits M, R.) "A candidate successful in all other respects can be disqualified if any of the reasons specified in . . . section [5] become evident." Bouthot v. James, supra, Superior Court, Docket No. 115096. Moreover, the plaintiff was aware that the background investigation was an important aspect of the examination process because, although he was ranked at number twenty-two (22) on the eligibility list, he was informed that his failure to attend and submit to a background review would result in his name being removed from the list. (Defendants' Memorandum, Exhibit F.)
The decision to bypass and remove the plaintiffs name was CT Page 16002 discretionary. The record indicates that, before the decision was made to actually bypass and remove the plaintiffs name from the eligibility list, the defendants requested information from the plaintiff as to the circumstances surrounding his convictions. (See Defendants' Memorandum, Exhibits H, I.) (The defendants argue that the plaintiff, however, failed to provide such information, and the defendants had the discretion and the authority under the Civil Service Rules and Regulations to bypass and remove his name from said list. See Waterbury Civil Service Rules and Regulations, Chapter 6, Section 7(h); Chapter 5, Section 5. Furthermore, "[a]n individual does not acquire "permanency of eligibility merely because he passed an examination held to obtain a list of those capable of qualifying for . . . appointment." Winthal v. Fabrizi, 26 Conn. App. 45, 47,596 A.2d 939 (1991), quoting State ex rel. Chernesky v. CivilService Commission, 141 Conn. 465, 469, 106 A.2d 713 (1954).)
John R. Caruso, J.